

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD.-1539-07

**ROBERT HUFFMAN, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S AND STATE'S PETITIONS
### FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

COCHRAN, J., filed a concurring opinion, in which PRICE, JOHNSON and HOLCOMB, JJ., joined.

### O P I N I O N

I write separately only to point out that using the normal eighth-grade grammar test to determine the gravamen of the offense would reach the same result in this "Failure to Stop and Render Aid" case. The jury must be unanimous that the defendant failed to comply with the requirements of the statute, but it need not be unanimous about precisely how he failed to comply with those requirements. The court of appeals analyzed this case according to that

test, but it was not entirely accurate in its grammatical analysis.[1]

The Failure to Stop and Render Aid statute defines a single criminal offense.  It is set out in Texas Transportation Code § 550.021 and reads as follows:

(a) The operator of a vehicle involved in an accident resulting in injury to or death of a person shall:

(1) immediately stop the vehicle at the scene of the accident or as close to the scene as possible;

(2) immediately return to the scene of the accident if the vehicle is not stopped at the scene of the accident; and

(3) remain at the scene of the accident until the operator complies with the requirements of section 550.023 [Section 550.023 requires the operator of the vehicle to give his name and address, registration number of the vehicle, the name of the operator's motor vehicle liability insurer and, if requested, to show his driver's license; it also requires the operator to provide any person injured in the accident reasonable assistance, including transporting or making arrangements for transporting the person to a physician or hospital for medical treatment if it is apparent that treatment is necessary, or if the injured person requests the transportation];

(b) An operator of a vehicle required to stop the vehicle by Subsection (a) shall do so without obstructing traffic more than is necessary.

(c) A person commits an offense if the person does not stop or does not comply with the requirements of this section.[2]

Here, the offense itself is set out at the end of the statute–in subsection (c)–not at the beginning.  It simply states that a person commits an offense if he does not stop or do all that he is required to do under subsections (a) and (b).  Using the eighth grade grammar test, the

---

[1] *Huffman v. State*, 234 S.W.3d 185, 193-94 (Tex. App.– San Antonio 2007).

[2] T EX. TRANSP. CODE § 550.21.

main transitive verbs of the sentence (and therefore the *actus reus* of the crime) are "stop or comply," modified by "does not."   The double prepositional phrase "with the requirements of this section" modifies the verb "comply" and describes what the defendant is supposed to comply with.  Thus, the full description of the criminal *actus reus* is "does not stop or does not comply with the requirements of this section."  The Legislature, having used a single verb phrase within a single subsection of the statute, seemingly intended to create a single criminal offense.   Thus, any failure to either stop or comply with all of the requirements of subsections (a) and (b) is the forbidden conduct, the *actus reus*.  And the failure to stop is also one of the requirements under subsection (a), so it is abundantly clear that the failure to stop is not some separate and distinct offense from the failure to comply with the requirements of subsections (a) and (b).

Under subsection (a)(1), the person is required to "stop"at the scene of the accident or as close as possible, under subsection (a)(2), he is required to "return" if he had not stopped, and under subsection (a)(3), he is required to (1) remain at the scene of the accident until he has, *inter alia*, given his name and address, car's registration number, and his insurance information to the injured person or someone else in charge of the injured person's car, and (2) provide any person injured in the accident reasonable assistance.[3]  And, under subsection (b), the person must stop his own car without obstructing traffic more than necessary.   The failure to comply with any, some, or all of these requirements in the

---

[3] *See* TEX. TRANSP. CODE § 550.023.

immediate aftermath of a single, specific car accident constitutes the *actus reus* of the offense.

The court of appeals mistakenly concluded that when the person–the operator of a vehicle involved in an accident resulting in injury or death– "does not stop" at the accident scene, this is a different criminal act than the failure to comply with the requirements of the statute, which include the need to "immediately stop the vehicle at the scene of the accident or as close to the scene as possible."[4] The court of appeals further reasoned that each one of the specific requirements with which a person does not comply constitutes a separate and distinct criminal offense.[5] Thus, the failure to stop would be one offense, the failure to return would be a different offense, and the failure to remain at the scene of the accident to give information and assist any injured persons would be a third criminal offense.

But these actions are not the main verbs of the offense; subsections (a)(1), (a)(2), (a)(3), and (b) simply define the "requirements" with which the person must comply. They are, in essence, the manner and means by which a person fails to comply with the requirements of the section.

Thus, the jury must unanimously find that the defendant "did not stop or did not comply with the requirements" set out for the operator of a vehicle involved in an accident resulting in injury to or death of a person. The specific statutory requirements that the

---

[4] 234 S.W.3d at 193-94.

[5] *Id.*

evidence shows that the defendant failed to comply with should then be listed in the disjunctive. They can be listed out as (1), (2), (3), and the jury informed that it need not be unanimous on (1), (2), or (3), as long as it is unanimous in its decision that the defendant failed to comply with some requirement.

Filed: October 1, 2008

Publish